865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald RICHARDSON, Plaintiff-Appellant,
v.
CITY OF DETROIT, a Municipal Corporation; Joyce F. Garrett,
and other officers and employees and agents of the Detroit
Personnel Department; Charlene Johnson; Armistice Polk;
Phillis Popa; Robert C. Walter; Porterfield Wilson, and
other officers and employees and agents of the Detroit Civil
Service Commission, as well as their assignees and
successors; Lionel E. Little, and other officers and
employees and agents of the Department of Transportation, as
well as their assignees and successors; John D. Hammel,
Defendants-Appellees.
 No. 88-1297.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 1
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff, Donald Richardson, appeals an order of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a complaint pursuant to 42 U.S.C. Secs. 1983 and 1985(3) in the District Court for the Eastern District of Michigan. As the basis of his claim for both injunctive relief and monetary damages, he maintained that defendants had improperly rejected his application for employment as a transportation equipment operator with the City of Detroit Department of Transportation in violation of his right to due process. In particular, he alleged that the decision not to hire him had been grounded upon defendants' having erroneously assigned him a failing rating in regard to his personal qualifications for that position. Plaintiff further related that he had filed an administrative appeal from the rating, but that defendants had summarily affirmed the adverse hiring decision without first providing him with a due process hearing.
 
 
 4
 Defendants' chief response to plaintiff's claims was the filing of a motion for summary judgment. As the basis for their request for the dismissal of the complaint, they contended that plaintiff had no property or liberty interest in prospective employment as a transportation equipment operator sufficient to implicate the requirements of due process. The district court, after a hearing on the motion for summary judgment, agreed with that argument and ordered the dismissal of the complaint. Plaintiff thereafter filed this appeal.
 
 
 5
 Upon careful review of the record, this court concludes that the district court did not err in granting defendants' motion for summary judgment. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 572-74 (1972); Spencer v. Toussaint, 408 F.Supp. 1067, 1071 (E.D.Mich.1976). Accordingly, the motion for appointment of counsel is hereby denied and the final order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation